**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff

    v.

JAMES DERWIN MASSEY

    Defendant.

Case Nos. 05-cr-50043, and
13-cr-20250
Hon. Terrence G. Berg

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTIONS FOR TRANSCRIPTS**

    James Derwin Massey is currently a federal prisoner housed at the Oxford Federal Correctional Institute. On July 17, 2014 in case 05-cr-50043, this Court sentenced Mr. Massey to 21 months' incarceration for a violation of his supervised release. (Dkt. 79). This sentence was to be served concurrently with the sentence of 105 months' incarceration that the Court imposed that same day on Mr. Massey for violations of 18 U.S.C. § 922(g)(1) in case 13-cr-20250. (Dkt. 65).

    Before the Court are two identical motions by Mr. Massey requesting that the government provide him with transcripts of his plea and sentencing hearings free of charge. (05-50043, Dkt. 80; 13-20250, Dkt. 78). Specifically, Mr. Massey contends that he requires (1) "plea and sentencing hearing transcripts" (2) "all court documents" and (3) "any and all documents in this case" in order to "assist [him] in drafting a pro se [§] 2255 motion." (Case 13-cr-20250, Dkt. 78 at Pg Id 279). He

further contends that he is entitled to these documents at the government's expense because he is indigent. (*Id.*).

Title 28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Mr. Massey, however, has not applied to proceed in forma pauperis, nor has he yet filed a § 2255 motion with this Court. Consequently, the provisions of § 753(f) do not apply to him.

In the Sixth Circuit, there is no reported appellate authority on the question of whether an indigent prisoner has a right to the production of court documents at government expense *prior* to filing a § 2255 motion. Some courts have held, however, that a prisoner who requests transcripts before filing a § 2255 motion must first comply with § 753(f)'s requirements: that is, he must (1) "be certified to proceed in forma pauperis under 28 U.S.C. § 1915," and (2) "submit a motion for free transcripts setting forth specific factual allegations in support of his forthcoming § 2255 motion." *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992) (analyzing the question in detail and adopting this procedure); *see also United States v. Alcorn*, 10 F. App'x 248, 248 (6th Cir. 2001) (holding that a prisoner "simply does not have a right to a transcript at government expense under 28

U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255.").

Defendant here is unable to cite any legal authority that entitles him at this stage to the production of all transcripts from his pleas and sentences, as well as all other documents in the court docket, at government expense. Consequently, because Mr. Massey has neither applied to proceed in forma pauperis nor filed a § 2255 motion with the Court, his motions for plea and sentencing transcripts are hereby **DENIED WITHOUT PREJUDICE**. In accordance with the reasoning set forth in *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992), should Mr. Massey wish to seek production of any transcripts before he files a motion under § 2255, he must first: (1) apply to proceed in forma pauperis, and (2) set forth in the motion for production of transcripts any factual allegations that explain why his forthcoming § 2255 motion will not be frivolous (that is, what the reasons are for the motion and why they are justified) and why the documents requested are needed to address any issue that his forthcoming § 2255 motion will present.

SO ORDERED.

Dated: March 17, 2017  
s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 17, 2017, using the CM/ECF system, which will send notification to all parties, and upon unrepresented parties via postal mail.

s/A. Chubb  
Case Manager